# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID FERNANDEZ,**

    **Plaintiff,**

    **v.**                                                    **Case No. 16-CV-65**

**NANCY BERRYHILL,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On October 24, 2016, I granted the parties' joint request to remand this case for further administrative proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 20.) I granted Fernandez's request for attorney's fees under the Equal Access to Justice Act on December 12, 2016 and awarded $5,300.00. (Docket # 24.) On remand, another hearing was conducted and the Administrative Law Judge issued a fully favorable decision finding Fernandez disabled as of June 6, 2014. (Docket # 25-2 at 3.) The Social Security Administration determined that Fernandez was due $43,040.00 in past-due benefits. (Docket # 25 at 2.)

Fernandez signed an agreement with his attorney that entitled his attorney to 25% of the past-due benefits award. (Docket # 25-1.) The Administration has withheld $10,760.00 from Fernandez's past-due benefits (25% of $43,040.00 is $10,760.00). (Docket # 25-2 at 4.) Fernandez's daughter also received past-due benefits in the amount of $23,542.00, 25% of which is $5,885.50. (Docket # 25-3.) Fernandez states that Attorney David Hudec represented Fernandez at the administrative level and requested and was approved for $6,000.00 in administrative fees. (Docket # 25 at 2.) Thus, although

Fernandez agreed to pay counsel 25% of all past-due benefits awarded to him, and 25% of all past-due benefits (Fernandez's award plus his daughter's award) is $16,645.50, in the interest of not exceeding 25% of Fernandez's past-due benefits, counsel is requesting the remaining $10,645.50 in attorney's fees. (*Id.*) Fernandez notes that he is entitled to a refund from counsel of the $5,300.00 awarded in EAJA fees. (*Id.*) Fernandez states that his motion is unopposed by the Commissioner. (Docket # 25 at 4.)

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id.* at 661. Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id.*

If the attorney previously obtained fees from the government under the EAJA for work performed in court, such award offsets the allowable fee under § 406(b). *Id.* at 664; *see also Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant").

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that

they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, plaintiff entered into a 25% contingency fee agreement with counsel. (Docket # 25-1.) Twenty-five percent of his past due benefits (including those awarded to his daughter) totals $16,645.50. Counsel has also been awarded $5,300.00 in EAJA fees. Therefore, any fees paid out of the past due benefits will be offset by the attorney refunding the EAJA award. Counsel contends that the fee is reasonable for 28.8 hours of legal work spent in this matter. (Docket # 25 at 2.) Counsel states that he has substantial experience in handling disability claims in federal district court and that he had an associate attorney do work in this case, under his direct supervision. (*Id.* at 4.) Counsel states that the benefit to Fernandez and his family was great—with over $70,000.00 in past due benefits. (*Id.*)[1]

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. As noted above, counsel has obtained a fully favorable result. In achieving that result, counsel represented Fernandez before the district court and secured a joint motion for remand and Fernandez was ultimately awarded benefits and then, later, back benefits in the amount of $43,040.00. Fernandez's daughter also received benefits (and back benefits). Finally, the fee does not constitute a windfall to the attorney. The

---

[1] Although counsel states that Fernandez and his family received over $70,000.00 in past-due benefits, they actually received $66,582.00 (Fernandez's award of $43,040.00 plus his daughter's award of $23,542.00).

amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $10,645.50 for 28.8 hours of work (Docket # 25-4) equates to an hourly fee of approximately $369/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D.Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving hourly rate of approximately $393.00 per hour for 53.90 hours of work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**, and Attorney Barry A. Schultz is awarded fees in the amount of $10,645.50.

Dated at Milwaukee, Wisconsin this 23rd day of March, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge